# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Civil Action Number:

JUAN CARLOS GIL,

      Plaintiff,

vs.

NESPRESSO USA, INC.

      Defendant

---

## COMPLAINT

---

      COMES NOW Plaintiff Juan Carlos Gil, by and through his undersigned counsel, hereby files this Complaint and sues  Defendant Nespresso USA, Inc. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

      1.      Plaintiff Juan Carlos Gil brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Nespresso USA, Inc.'s website (which is an extension of its boutiques and shop-in-shop retail stores) throughout the United States of America, where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-six years.

2.      Companies operating on internet twenty years (20) after consumers starting using the internet to better lives, business and governments have to make decisions on whether to be inclusive, or to exclude people.

3.      When the owners and operators of a website do not take the steps necessary to notice people of their website's limitations or to provide programming that works (interfaces) with universal screens readers[1], they are not only disrespecting the disabled community, but they are actively excluding them from their business (a place of public accommodation), which in fact segregates the disabled into being non-participants, ie: second-class citizens.

4.      When websites are not fully accessible to all, it's essentially a bad business practice, a detriment to theirs stakeholders, the disabled, and society.

5.      In a world where there are an increasing number of low vision and blind individuals whose population is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

6.      This case arises out the fact that Defendant Nespresso USA, Inc. has operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and accessing the Defendant's website www.nespresso.com.

7.      Defendant Nespresso USA, Inc. (also referenced as "Defendant") owns and operates places of public accommodation which are coffee specialty boutiques and

---

[1] A "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

shop-in shop retail stores under the brand name "Nespresso." Nespresso stores offer for sale to the general Nespresso brand coffee machines, milk frothers, coffee capsules[2], and accessories such as coffee pots, sugar and creamer sets, and coffee cups and saucers. Heretofore, referenced as "Nespresso brand merchandise" and/or "Nespresso brand coffee products".

8.      The Defendant offers an adjunct website www.nespresso.com ("website") which is directly connected to its Nespresso boutiques and shop-in-shop retail stores since the website provides a site locator to the locations of Nespresso's boutiques and shop-in-shop retail stores (which are places of public accommodation). Thus, www.nespresso.com ("website") has a true nexus to the Defendant's Nespresso boutiques and shop-in-shop retail stores.

9.      This is an action to put an end to civil rights violations committed by Defendant against individuals with disabilities who are visually impaired and who cannot access and comprehend the websites that operate therein without the aid of assistive technology.

## JURISDICTION & VENUE

10.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

---

[2] Capsules are inserted into the Nespresso coffee machines and when hot water is pushed through the capsules, the hot infused coffee is emitted out of the outer end of the machine and into a cup.  Capsules contain coffee in various flavors and varieties.

11.     This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order Nespresso brand merchandise online.

12.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this District, the Defendant transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

13.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

**Juan Carlos Gil**

14.     Plaintiff Juan Carlos Gil ("Plaintiff Gil") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

15.     Plaintiff Juan Carlos Gil suffers from what constitutes a "qualified disability" under the ADA.  Plaintiff Juan Carlos Gil suffers from cerebral palsy and optic nerve damage; as such, he is legally blind. Plaintiff Juan Carlos Gil is substantially limited in performing one or more major life activities as he cannot accurately visualize his world and is confined to a wheelchair for mobility. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

**Nespresso USA, Inc.**

16.     Defendant Nespresso USA, Inc. (also referenced as Defendant) is the owner and operator of a chain of boutiques and shop-in-shop retail stores under the brand name "Nespresso."

17.     Nespresso USA, Inc. is the United States subsidiary for Nestlé Nespresso, S.A., which is an operating unit of known as Nestlé Group (which legal name is Société des Produits Nestlé S.A.   Nestlé Group is a Swiss corporate conglomerate based is Switzerland and is the largest food company in the world, with 2015 revenue in excess of 88 billion Swiss Francs.

18.     The Nestlé company was formed in 1867 by Henri Nestlé, who developed milk based baby food.  The business grew to incorporate other milk based products, and in 1904 launched the Nestlé Swiss chocolate division.  Nestlé branched into soup mixes and related food products. The production and revenue of Nestlé food products doubled in WWI and WWII as governments contracted with Nestlé to supply its packed food and chocolate to their troops.  In the 1980's Nestlé Group began diversifying and acquiring other food manufacturers. Besides owning the Nespresso brand, the Nestlé Group owns sixty-four brands including (but not limited to) Gerber (baby food), Maggi (noodles), Friskies (pet food), Stouffers (frozen foods) and of course Nestlé products which include chocolate and bottled water.

19.     Defendant Nespresso USA, Inc. is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## FACTS

20.     The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a chain of boutiques and shop-in-shop retail stores under the brand name "Nespresso," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R.

§36.104. (2). Each of the Defendant's Nespresso boutiques and shop-in-shop retail stores are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendant's Nespresso retail stores are also referenced throughout as "place(s) of public accommodation," "Nespresso boutiques," or "Nespresso boutiques and shop-in-shop retail stores".

21.     The Defendant's website www.nespresso.com ("website") is offered to provide the general public information including but not limited to information on the various locations of the Defendant's Nespresso boutiques and shop-in-shop retail stores throughout the United States and within the state of Florida.

22.     According to the Nespresso website, there are thirty-seven Nespresso boutiques and shop-in-shop retail stores in the United States, four of which are located in Florida. Further, there are select independent retail stores and department stores that sell a limited selection of Nespresso brand coffee products.

23.     The Defendant's website www.nespresso.com services the various Nespresso boutiques and shop-in-shop retail stores by providing information on each of the Nespresso store locations. The website also provides information of Nespresso brand coffee products and in so doing supports Nespresso brand coffee products sold through independent retail stores and department stores.

24.     In addition, the website provides information on recycling centers so that consumers of Nespresso coffee capsules can recycle the spent coffee capsules.

25.     Since the Defendant's website allows the general public the ability to locate one of the many boutiques and shop-in-shop retail stores which sell Nespresso

brand coffee products, the website is an extension of the physical Nespresso retail sales locations. Therefore, the website has a direct nexus between the website and the Defendant's Nespresso boutiques and shop-in-shop retail stores, hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

26.     The website also allows the general public access to purchase online the full range of Nespresso brand coffee products.

27.     As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E) and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.  As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[3]

28.     Plaintiff Gil is a customer who is interested in purchasing Nespresso brand coffee products which are offered through the Defendant's Nespresso boutiques and shop-in-shop retail stores, through independent retailers, and through the Nespresso www.nespresso.com website.

29.     The opportunity to shop for purchasing Nespresso brand coffee products from his home, is an important accommodation that the Plaintiff, because traveling outside the home as a blind individual is a difficult and frightening experience.

---

[3] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

30.     Plaintiff Gil frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gil uses commercially available screen reader software to interface with the various websites.

31.     In order to comprehend the Defendant's website and to become informed of the Defendant's Nespresso brand coffee products (which other members of the general public may order online), Plaintiff Gil must use screen reader software.

32.     Buying and ordering Nespresso brand coffee machines, milk frothers, coffee capsules, and accessories  online and having those purchases delivered to one's home is a highly valued accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

33.     Like most of us, Plaintiff Gil accesses several websites at a time to compare merchandise and prices. When shopping online, Plaintiff Gil may look at several dozen websites to compare features, styles, and prices.

34.      Plaintiff Gil is interested in purchasing Nespresso brand coffee products. Plaintiff Gil had heard about the Nespresso boutique located in South Beach Miami, and decided to shop online to learn about the Nespresso brand merchandise through its website, www.nespresso.com.

35.     During the month of July 2016, the Plaintiff attempted on several occasions to utilize the Defendant's website to browse through the merchandise to educate himself as to the Nespresso brand coffee products with the intent of making a purchase.  The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized

worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

36.     However, the Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

37.     Plaintiff Gil attempted to locate any *Accessibility Notice* or any information relating to the website's future accessibility plans or information regarding contacting the Defendant to alert the Defendant to the inaccessibility of its website www.nespresso.com, but was unable to do so, because no such link or notice was provided[4].

38.     The fact that Plaintiff Gil could not interface with the Defendant's www.nespresso.com website left him feeling as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the www.nespresso.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

39.     Plaintiff Gil continues to desire to patronize the Defendant's website, but is unable to do so as he is unable to utilize the Defendant's website, thus he will continue to suffer irreparable injury from the Defendant's intentional acts, omissions, policies, and practices set forth herein unless enjoined by this Court.

---

[4] Other online retailers have taken steps  to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

40.     The Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

41.     The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

42.     The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

43.     On information and belief, the Defendant has not initiated a Web Accessibility Policy to insure full and equal use of the Nespresso website by individuals with disabilities.

44.     On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

45.     On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

46.     On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

47.     On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

48.     On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

49.      On information and belief, the Defendant has not instituted an Automated Web Accessibility Testing program.

50.     On information and belief, the Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

51.     On information and belief, the Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have its website, Applications, and Digital Assets accessible to the visually impaired community.

52.     On information and belief, the Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[5].

53.     On information and belief, the Defendant does not have a Web Accessibility Policy.

54.     Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its website www.nespresso.com.

---

[5] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

55. On information and belief, the Defendant has not disclosed to the public any intended changes, audits, or involved lawsuits to correct the inaccessibility of their website vis-a-vis disabled individuals who are visually impaired who want the safety and privacy of purchasing products online from their homes like other Americans.

56. Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

57. Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

58. For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

59. The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the Defendant's website where they have a direct connection.

60. On information and belief, the Defendant is aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of its Nespresso brand merchandise available in its boutiques and shop-in-shop retail stores and through various independent retail stores and available for purchase online.

61.     On information and belief, the Defendant is aware of need to provide full access to all visitors of the Website.[6]

62.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

63.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

64.     Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

65.     According to Statistic Brain Research Institute[7], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as www.nespresso.com and have made an internet purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

66.     According to the National Federation for the Blind[8], there are 6,670,300 Americans with visual disabilities.

67.     The National Federation for the Blind has also reported that there are over half a million people with visual disabilities living within the state of Florida.

68.     The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as the Plaintiff. The Defendant is

---

[6] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)
[7] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/
[8] Statistics for 2012, see http://www.NFB.org/blindness-statistics

operating in violation of Plaintiff Gil's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

69.     Plaintiff Gil has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

70.     Plaintiff Gil and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

71.     Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

72.     The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

73.     Plaintiff Gil re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-72 above.

74.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their

sites are fully accessible to individuals with disabilities[9].

75.     As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public on its website www.nespresso.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

76.     Pursuant to 42 U.S.C. §12181(7)(E), www.nespresso.com (the Defendant's website) is a *place of public accommodation* under the ADA because it serves to augment the Defendant's chain of  Nespresso boutiques and shop-in-shop retail stores and Nespresso brand merchandise sold in specialty retail stores and department stores by providing the general public information on the various locations of the Defendant's chain of Nespresso boutiques and shop-in-shop retail stores and educate the general public as to the line of Nespresso brand coffee products and also to provide the general public with the ability to purchase Nespresso brand coffee products  online.

77.     As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA.  Plaintiff Gil has suffered an injury in fact because of the website's (and Defendant's) non-compliance with the ADA.

78.     Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and

---

[9] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

*Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

79.     A sampling review of just part of the Defendant's website revealed that the website is not functional for users who are visually impaired.  The Defendant's website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

> 1)  The language of the document is not identified,
> 2)  Image alternative text is not present, and
> 3)  A form control does not have a corresponding label.

80.     Further, the Defendant's website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

> 1)  Alternative text is likely insufficient or contains extraneous information,
> 2)  An event handler is present that may not be accessible,
> 3)  A heading level is skipped,
> 4)  Flash content is present,
> 5)  Adjacent links go to the same URL,
> 6)  A link contains no text, and
> 7)  Alternative text is likely insufficient or contains extraneous information.

81.     More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

82.     Further, the Defendant's website did\does not offer include the universal symbol for the disabled[10] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

---

[10] , or HTML "Accessibility" link for those individuals who are visually impaired

83.     Therefore, due to the Plaintiff's disability and the Defendant's failure to have its website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's website.

84.     The Defendant has violated the ADA (and continues to violate the ADA) by denying access to www.nespresso.com to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites.   These violations within the www.nespresso.com website are ongoing.

85.     As a result of the Defendant's inadequate development and administration of www.nespresso.com, Plaintiff Gil is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

86.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gil injunctive relief; including an order to:

    a) Require Defendant Nespresso USA, Inc. to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.nespresso.com to a statement as to Nespresso USA, Inc.'s policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

    b) Require Defendant Nespresso USA, Inc. to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.nespresso.com until the requisite modifications are made

such that its website becomes equally accessible to persons with disabilities.

87.     Plaintiff Gil has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Gil is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Nespresso USA, Inc.

WHEREFORE, Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Nespresso USA, Inc. and request the following injunctive and declaratory relief:

a)      The Court to declare the "Terms of Use" as delineated on the website www.nespresso.com null and void and rescinded and not applicable to the Plaintiff, due to the inaccessibility of the website for visually impaired individuals such as the Plaintiff who have no means to comprehend said "Terms of Use";

b)      The Court to declare that the privacy rights of the Plaintiff have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

c)      The Court issue a declaratory judgment that Defendant Nespresso USA, Inc. has violated the Plaintiff's rights as guaranteed by the ADA;

d)      The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Nespresso USA, Inc. from operating its website www.nespresso.com without adequate accommodation for the visually impaired community;

e)      The Court enter an Order requiring Defendant Nespresso USA, Inc. to update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

f)      The Court enter an Order requiring Defendant Nespresso USA, Inc. to clearly display the universal disabled logo[11] within its website, wherein the logo would lead to a page which would state Nespresso USA, Inc.'s accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.nespresso.com;

g)      The Court enter an order requiring Defendant Nespresso USA, Inc. to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

h)      The Court enter an Order directing Defendant Nespresso USA, Inc. to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to its www.nespresso.com website.

---

[11] 

i)      The Court enter an Order directing Defendant Nespresso USA, Inc. to establish a policy of web accessibility and accessibility features for its www.nespresso.com website.

j)      The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

k)      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 22nd day of August, 2016.

Respectfully submitted,

_s/Scott Dinin_
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
_Counsel for Plaintiff_